**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION**

| | | |
|---|---|---|
| **PADDYWAX, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **SEYED HOSSEINI,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Plaintiff Paddywax, LLC ("Paddywax"), by and through counsel, and pursuant to 28 U.S.C. §§ 2201 and 2202, states as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment brought by Paddywax to resolve an actual and justiciable controversy with Defendant Seyed Hosseini ("Hosseini") concerning: (a) whether Paddywax's use of website technologies on paddywax.com violates the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*; and (b) whether Paddywax violated the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.*, the California Consumer Privacy Act, Cal. Civ. Code § 1798.100 *et seq.*, or any analogous Tennessee statute, as alleged in Hosseini's pre-suit demand letter (the "Demand Letter"), which is attached hereto as **Exhibit A**. The Plaintiff seeks this Court's declaration of the rights and obligations in this actual controversy in which Defendant has made a demand for damages from Plaintiff.

2. Plaintiff Paddywax, LLC is a Tennessee limited liability company with its principal place of business at 2934 Sidco Drive, Suite 140, Nashville, Tennessee 37204. Paddywax designs,

manufactures, and sells candles and home goods, and operates the website paddywax.com from its Nashville headquarters.

3. On information and belief, Defendant Seyed Hosseini is an individual citizen of the State of California, residing at 18034 Ventura Blvd., No. 401, Encino, California 91316.

4. On September 26, 2026, Hosseini sent Paddywax the Demand Letter, alleging that Paddywax's website violated the Califonria Invasion of Privacy Act ("CIPA") §§ 631(a) and 638.51, the Electronic Communications Privacy Act ("ECPA") § 2520, and the California Consumer Privacy Act ("CCPA") § 1798.150 during Hosseini's September 6, 2026 visit to paddywax.com. The Demand Letter asserts pre-litigation statutory damages of $31,500 and demands $35,000 to resolve the dispute within thirty (30) days, i.e., on or about October 26, 2026.

5. An actual, substantial, and justiciable controversy exists between Paddywax and Hosseini regarding Paddywax's legal rights and obligations with respect to the conduct described in the Demand Letter, of sufficient immediacy to warrant the issuance of a declaratory judgment.

**JURISDICTION AND VENUE**

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Hosseini's demand letter asserts a civil claim under the Electronic Communications Privacy Act, 18 U.S.C. § 2520, and this dispute accordingly arises under the laws of the United States.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Paddywax's remaining claims for declaratory relief under California and Tennessee law because those claims arise from the same case or controversy as the federal ECPA claim, i.e., Paddywax's operation of paddywax.com and its use of the Rebuy and VWO technologies.

8. This Court has personal jurisdiction over Hosseini under Tennessee's long-arm statute. Hosseini intentionally accessed paddywax.com, a website owned, operated, and

administered by a Tennessee company from its Nashville headquarters. By accessing the site, Hosseini expressly agreed to be bound by Paddywax's Terms of Use, which provide that "[b]y accessing this site, you agree to be bound by these Terms of Use," thereby forming a contract between Hosseini and Paddywax. That contract contemplated performance in Tennessee, including Paddywax's maintenance, administration, and provision of website content and services from its Nashville headquarters, sufficient to subject Hosseini to the jurisdiction of this Court under Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214(a)(6), and consistent with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

9. Hosseini, not to buy product but with the aim of attempting to incur a violation of these regulations, purposefully directed these and his search activities to Tennessee and further purposefully directed his conduct at Tennessee by accessing paddywax.com and subsequently transmitting the Demand Letter to Paddywax at its Nashville headquarters, with knowledge that Paddywax is a Tennessee company, and by threatening litigation and demanding payment that would require Paddywax to respond from, and suffer injury in, Tennessee.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action, including Paddywax's operation of paddywax.com, its contracting with Rebuy and VWO, and its receipt of Hosseini's demand letter, occurred in this District.

**FACTUAL ALLEGATIONS**

11. Paddywax operates the e-commerce website paddywax.com, through which it sells candles and related home goods to consumers.

12. On September 6, 2026, Hosseini visited paddywax.com. Hosseini claims that he was presented with a cookie-consent banner, that he selected "Decline," and that he thereafter entered the search term "HOSSEINI" into the website's search function.

13. Hosseini claims that, notwithstanding his declination of cookie consent, data associated with his visit was transmitted to third-party service providers integrated into paddywax.com, including Rebuy Engine (*.rebuyengine.com*) and Visual Website Optimizer (*.visualwebsiteoptimizer.com*), and that this transmission continued after his purported opt-out.

14. Rebuy and VWO are vendors retained by Paddywax to provide on-site search, personalization, and analytics functionality directly to Paddywax and on Paddywax's behalf. Neither vendor independently uses, discloses, or sells data collected through paddywax.com for its own independent purposes separate from the services each provides to Paddywax.

15. On September 26, 2026, Hosseini sent Paddywax the Demand Letter, asserting that the foregoing conduct violated CIPA § 631(a) (two alleged violations, $5,000 each), CIPA § 638.51 (two alleged violations, $5,000 each), ECPA § 2520 ($10,000 statutory minimum), and CCPA/CPRA § 1798.150 (two alleged post-opt-out transmissions, $750 each), for a claimed total of $31,500 in pre-litigation statutory damages, and demanding $35,000 in settlement within thirty (30) days.

16. Paddywax disputes Hosseini's characterization of its website's functionality and denies that its use of third-party service providers in connection with paddywax.com's search and personalization features violated any right of Hosseini's under federal or California law.

17. Paddywax seeks this Court's declaration of its rights and obligations.

## REQUEST FOR DECLARATION

1. An actual, substantial, and justiciable controversy exists between Paddywax and Hosseini regarding their respective rights and obligations, of sufficient immediacy to warrant the issuance of a declaratory judgment. Tennessee, as the forum in which Paddywax resides and from which its website is operated, has a substantial interest in adjudicating the rights of its citizens arising from contracts and conduct connected to this State.

2. Paddywax therefore requests that the Court enter a judgment declaring:

   a. That Paddywax's operation of the search and personalization features on paddywax.com did not constitute an unlawful "interception" of Hosseini's electronic communications under the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and that Paddywax has no liability to Hosseini under 18 U.S.C. § 2520;

   b. That Tennessee law governs the relationship between Paddywax and Hosseini arising from his access to and use of paddywax.com under Tennessee's "most significant relationship" choice-of-law test, *see Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992), and that, as a consequence, the California Invasion of Privacy Act and the CCPA/CPRA do not apply to Paddywax's conduct toward Hosseini;

   c. That, in the alternative, even under California law, Rebuy and VWO acted as extensions of Paddywax within the meaning of CIPA's recognized "party exception," such that Paddywax's use of those vendors did not constitute an unlawful interception under Cal. Penal Code § 631(a) or the use of an unlawful pen register or trap-and-trace device under Cal. Penal Code § 638.51

d. That, in the further alternative, Section 1798.150 of the California Civil Code does not reach claims, as Hosseini's are here, that are premised on an alleged failure to honor an opt-out request or on disclosure of data to a business's own service providers because that statutory private right of action is limited to data breaches resulting from a business's violation of its duty to implement and maintain reasonable security procedures.

e. That Paddywax has not violated any right of Hosseini's arising under federal or California law in connection with his use of paddywax.com, and that Hosseini is entitled to no damages, statutory or otherwise, from Paddywax on account of the conduct described in the Demand Letter.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. Enter judgment declaring the matters set forth in Paragraph 20(a)–(e) above;
2. Declare that Hosseini is entitled to no damages, statutory or otherwise, from Paddywax arising from the conduct described in the Demand Letter;
3. Award Paddywax its costs incurred in this action; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jay S. Bowen*
Jay S. Bowen (TN Bar No. 2649)
Connor Blair (TN Bar No. 31992)
Jon Michael Sockwell (TN Bar. No. 042073)
GRIFFIN BOWEN, PLLC
48 Music Square East
Nashville, Tennessee 37203
(615) 742-4800
jbowen@griffinbowen.com
cblair@griffinbowen.com
jsockwell@griffinbowen.com

*Counsel for Paddywax, LLC*